**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street SW, Suite 800 <br> Washington, DC 20024, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF STATE, <br> The Executive Office <br> Office of the Legal Adviser, Room 5519 <br> 2201 C Street, NW <br> Washington, D.C.  20520, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> )    Civil Action No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of State to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization that seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law.  As part of its educational mission, Plaintiff regularly requests records under FOIA, analyzes the responses and any records it receives, and disseminates its findings and the records

- 2 -

to the American public to inform them about "what their government is up to." *U.S. Dep't of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 795 (1989). Plaintiff is incorporated under the laws of the District of Columbia and is headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.

4. Defendant U.S. Department of State is an agency of the United States Government and is headquartered at 2201 C Street NW, Washington, D.C. 20520. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On August 27, 2015, Plaintiff submitted a FOIA request to the U.S. Department of State, by certified mail, seeking access to the following:

> i. Any and all records of security waivers issued for the Special Mission compound in Benghazi, Libya under the Secure Embassy Construction and Counterterrorism Act (SECCA);
>
> ii. Any and all records concerning, regarding, or related to the Special Mission compound in Benghazi, Libya being "excepted from office facility standards and accountability" under SECCA as noted by the Benghazi Accountability Review Board.

6. According to U.S. Postal Service records, Defendant received Plaintiff's FOIA request on December 14, 2015.

7. As of the date of this Complaint, Defendant has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I
**(Violation of FOIA, 5 U.S.C. § 552)**

8. Plaintiff realleges paragraphs 1 through 7 as if fully stated herein.

9. Defendant is violating FOIA by failing to search for and produce all records responsive to Plaintiff's request or demonstrate that the requested records are lawfully exempt from production.

10. Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

11. To trigger FOIA's administrative exhaustion requirement, Defendant was required to determine whether to comply with Plaintiff's request within twenty (20) working days of receiving the request on December 14, 2015. Accordingly, Defendant's determination was due on or about January 13, 2016. At a minimum, Defendant was required to: (i) gather and review the requested documents; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendant intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination. *See*, *e.g.*, *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

13. Because Defendant failed to determine whether to comply with Plaintiff's request within the time period required by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies. 5 U.S.C. § 552(a)(6)(C)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably calculated to uncover all records responsive to the request;

(2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  January 29, 2016                     Respectfully submitted,

/s/   James F. Peterson
James F. Peterson
D.C. Bar No.  450171
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
(202) 646-5172

*Counsel for Plaintiff*